Jodie NEVILS, Appellant,

v.

GROUP HEALTH PLAN, INC., and
ACS Recovery Services, Inc.,
Respondents.

No. SC 93134

Supreme Court of Missouri,
en banc.

Opinion issued July 11, 2017

Nevils was represented by Jon Campbell, Erich Vieth and Alicia Campbell of Campbell Law LLC in St. Louis, (314) 588-8101.

Mitchell L. Burgess, Keith C. Lamb and Blake P. Green of Burgess & Lamb PC in Kansas City, (816) 471-1700.

Ralph K. Phalen of Ralph K. Phalen Attorney at Law in Kansas City, (816) 589-0753.

Don P. Saxton of Saxton Law Firm LLC in Kansas City, (816) 471-1700.

Mary R. Russell, Judge

This is the third time this Court has addressed the issue presented in this case—whether Missouri's anti-subrogation law is preempted by 5 U.S.C. § 8902(m)(1) with regard to any contract for health benefits negotiated between the federal government and an insurance carrier. Because the United States Supreme Court recently held § 8902(m)(1) validly preempts state anti-subrogation laws, this Court affirms the trial court's judgment.

**Factual and Procedural Background**

Jodie Nevils was a federal employee insured through a health insurance plan governed by the Federal Employee Health Benefits Act (FEHBA) when she was injured in an automobile accident.[1] Coventry paid her medical expenses and asserted a subrogation lien against the proceeds of a

---

1. For a more comprehensive statement of the facts, see *Nevils v. Group Health Plan, Inc.,* 418 S.W.3d 451, 452-53 (Mo. banc 2014).

settlement Nevils received from the party responsible for the accident. Nevils satisfied the subrogation lien and filed a class action petition arguing Missouri law does not permit subrogation or reimbursement of personal injury claims. Coventry and ACS moved for summary judgment, asserting FEHBA preempts Missouri's anti-subrogation law. FEHBA's preemption clause provides:

> The terms of any contract under this chapter which relate to the nature, provision, or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans.

5 U.S.C. § 8902(m)(1). The trial court entered judgment for Coventry and ACS, and Nevils appealed.

In *Nevils v. Group Health Plan, Inc.*, 418 S.W.3d 451 (Mo. banc 2014) (*Nevils I*), this Court reversed and held the FEHBA preemption clause does not preempt Missouri's anti-subrogation law because an insurer's subrogation rights do not relate to the nature, provision, or extent of coverage or benefits. 418 S.W.3d at 452. In reaching this conclusion, this Court noted the presumption that a state's police powers are not preempted by federal statute unless such is the "clear and manifest purpose of Congress." *Id.* at 454 (quoting *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 516, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992)). Relying on *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 697, 126

S.Ct. 2121, 165 L.Ed.2d 131 (2006), this Court found the FEHBA preemption clause susceptible to plausible, alternate interpretations because it does not directly address an insurer's subrogation or reimbursement rights. *Id.* As a result, this Court concluded Congress did not manifest a clear intent to preempt state anti-subrogation laws when it enacted the FEHBA preemption clause.[2] *Id.* at 457.

After *Nevils I* was decided, the federal Office of Personnel Management promulgated a new rule providing that an insurer's rights to subrogation and reimbursement under federal employee health benefits contracts "relate to the nature, provision, and extent of coverage or benefits" within the meaning of FEHBA's preemption clause. 5 C.F.R. § 890.106(h). The United States Supreme Court granted certiorari, vacated this Court's opinion in *Nevils I*, and remanded the case to this Court to consider whether FEHBA preempts Missouri's anti-subrogation law in light of the new rule. *Coventry Health Care of Mo., Inc. v. Nevils*, —— U.S. ——, 135 S.Ct. 2886, 192 L.Ed.2d 918 (2015).

In *Nevils v. Group Health Plan, Inc.*, 492 S.W.3d 918 (Mo. banc 2016) (*Nevils II*), this Court held the rule did not alter "the fact that the FEHBA preemption clause does not express Congress' clear and manifest intent to preempt Missouri's anti-subrogation law." 492 S.W.3d at 925. Accordingly, this Court again reversed the trial court's judgment in favor of Coventry and ACS.[3] *Id.*

---

**2.** Judge Wilson concurred in the result of *Nevils I* but disagreed with the majority opinion's conclusion that subrogation rights of an insurer are not "related to" the nature of coverage or benefits under a health or insurance plan. *Id.* at 459-62 (Wilson, J., concurring). Instead, Judge Wilson concluded "the preemption language in § 8902(m)(1) is not a valid application of the supremacy clause" because that constitutional provision gives

"primacy solely to federal **law**," not to terms contained in a privately negotiated contract, as the language of the preemption clause appeared to do. *Id.* at 463 (emphasis in original).

**3.** Judge Wilson concurred in the result for the same reasons stated in his concurrence in *Nevils I*, and a majority of this Court joined in his concurrence. *Id.* (Wilson, J., concurring).

The United States Supreme Court granted certiorari and held an insurer's subrogation and reimbursement rights "relate to . . . payments with respect to benefits" because it is the insurance carrier's provision of benefits that triggers its right to payment from either the beneficiary or a third party after a judgment against a tortfeasor is entered or settlement is reached. *Coventry Health Care of Mo., Inc. v. Nevils,* — U.S. —, 137 S.Ct. 1190, 1197, 197 L.Ed.2d 572 (2017). The United States Supreme Court began with the statute's use of the phrase "relate to," which "expresses a broad pre-emptive purpose" in a preemption clause and, therefore, "weighs against" the narrow construction of § 8902(m)(1) urged by Nevils and employed by this Court in its earlier opinions. *Id.* It further supported its holding by citing the strong federal interest "in uniform administration" of FEHBA plans, "free from state interference, particularly in regard to coverage, benefits, and payments," and noting that the federal government has a strong financial stake in ensuring insurance carriers with federal contracts are reimbursed. *Id.* at 1197-98.

The United States Supreme Court further held § 8902(m)(1) "strips state law of its force," not the language of federal employee health benefits contracts. *Id.* at 1198. This holding rejected the argument that the language of the preemption clause—which provides the *"terms of any contract"* between the federal government and an insurance carrier "shall supersede and preempt" local and state laws—violates the Supremacy Clause "by assigning preemptive effect to the terms of a contract." *Id.* at 1198-99. Concluding that this argument "elevates semantics over substance," the United States Supreme Court held the FEHBA preemption clause "manifests the same intent to preempt state law" as other federal preemption statutes despite the different "linguistic formulation" of § 8902(m)(1). *Id.* at 1198-99. The United States Supreme Court vacated this Court's decision in *Nevils II* and remanded the case for further proceedings. *Id.* at 1199.

## Analysis

Consistent with the United States Supreme Court's decision in *Coventry*, this Court holds that the FEHBA preemption clause applies in this case to preempt Missouri's anti-subrogation law. "Contractual provisions for subrogation and reimbursement relate to payments with respect to benefits" within the meaning of FEHBA's preemption clause. *Coventry,* 137 S.Ct. at 1197 (alterations and internal quotations omitted). Further, FEHBA complies with the Supremacy Clause because it is the language of § 8902(m)(1) that "strips state law of its force," not the terms of any contract, despite the unusual phrasing of the preemption clause. *Id.* at 1198-99. Applying these clear directives from the United States Supreme Court, the trial court properly entered summary judgment in favor of Coventry and ACS because FEHBA preempts Missouri's anti-subrogation law with regard to the federal employee health benefits contract at issue in this case.

## Conclusion

The trial court's judgment is affirmed.

Fischer, C.J., Draper, Wilson, Breckenridge and Stith, JJ., concur.

Powell, J., not participating.